**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jacob Colon, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   18 C 3671 |
| Collection Bureau of America, Ltd., a California corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Jacob Colon, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, Jacob Colon ("Colon"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed to Pacific Gas and Electric.

4.      Defendant Collection Bureau of America, Ltd. ("CBA"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant CBA operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant CBA was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant CBA is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant CBA conducts extensive and substantial business in Illinois by trying to collect debts from thousands of persons in Illinois via collection letters, phone calls and lawsuits.

6.      Moreover, Defendant CBA is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CBA acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.      Mr. Colon fell behind on paying his bills, including a debt he allegedly owed to Pacific Gas and Electric.  Sometime after that debt went into default, it was placed with Defendant for collection, who began trying to collect upon it by sending Mr. Colon a form collection letter, dated November 8, 2017.  This letter stated:

* * *

> As of the date of this letter, you owe $350.70.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your

check, in which event we will inform you before depositing the check for collection.

* * *

A copy of this collection letter is attached as Exhibit <u>C</u>.

8.     The above language is a variant of a safe harbor letter created by the Seventh Circuit in <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark</u>, 214 F.3d 872, 876 (7th Cir. 2000), for mortgage debts, where interest, late charges and other charges are continuing to accrue on an account.  To include it in collection letters involving other debts, where such charges are not accruing, violates the FDCPA, <u>see</u>, <u>Boucher v. Finance System of Green Bay</u>, 880 F.3d 362, 367-368 (7th Cir. 2018).

9.     In fact, interest was not, and had not been, accruing on Mr. Colon's account.  As a matter of policy, the creditor ceased charging interest and other charges after the account was charged off, and was not, in fact, charging any "interest, late charges and other charges" on this debt.

10.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, <u>see</u>, <u>Lox v. CDA</u>, 689 F.3d 818, 827 (7th Cir. 2012), and <u>Boucher</u>, 880 F.3d at 368.  Here, Defendant's actions would cause a consumer to be confused as to whether he was subject to additional interest/charges, when he was not, in fact, subject to them.  This would directly impact his decision on whether to pay off the debt, dispute the debt, or make some other arrangement regarding the debt, and would certainly be a factor in such a decision.

11.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

3

12.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

13.    Plaintiff adopts and realleges ¶¶ 1-12.

14.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

15.    By sending the collection letter threatening to impose additional interest, late charges and other charges when none would, or could, be imposed, Defendant violated § 1692e of the FDCPA.

16.    Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19.    Defendant, by threatening to impose additional "interest, late charges, and

other charges", when none would, or could, be imposed, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20.     Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21.     Plaintiff, Jacob Colon, brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendant attempted to collect a defaulted consumer debt, allegedly owed to Pacific Gas and Electric, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

22.     Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Colon, in its attempts to collect defaulted consumer debts from other consumers.

23.     The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Colon.

24.     Plaintiff Colon's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available

methods for the fair and efficient adjudication of this controversy.

25.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26.     Plaintiff Colon will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Colon has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Jacob Colon, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Colon as Class Representative of the Class, and his attorneys as Class Counsel;

3.     Find that Defendant's form collection letter violate the FDCPA;

4.     Enter judgment in favor of Plaintiff Colon and the Class, and against

Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Jacob Colon, individually and on behalf of all others similarly situated, demands trial by jury.

Jacob Colon, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  May 24, 2018

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com